## Witmer v. Eaton

*Floyd M. Kocher*, for plaintiff.
*Joseph M. McNerney*, for defendant.

WILLIAMS, J., January 18, 1950.—Plaintiff has sued defendant for materials furnished and labor performed for repair of a wrecked automobile. Defendant has filed preliminary objections to this complaint,

raising three matters in the preliminary objections: First, that the complaint fails to set forth in sufficient particulars the terms of the alleged oral contract; second, that the complaint fails to set forth the place where the alleged oral contract was made, and third, that the complaint fails to set forth in sufficient particulars the alleged demands for return of certain itemized statements of accounts therein alleged to have been delivered and retained by defendant.

Paragraph three of the statement of claim is that on June 26, 1948, plaintiff made repairs, furnished materials, auto parts and labor at the request of defendant in order to repair a wrecked auto belonging to defendant.

Paragraph nine of the complaint alleges that the total amount of the bill for fixing the auto is $639.39 and that the prices charged for fixing the same were fair and reasonable and that the work was done in a workmanlike manner.

The complaint also alleges that plaintiff is unable to furnish an itemized statement of the materials and labor used for the repair of the automobile for the reason that the only two statements of these repairs and materials that were in possession of plaintiff were given to defendant's attorney, and that defendant has refused to return them. The statement of claim also alleges that the itemized statement given to defendant was the office copy.

In the opinion of the court the complaint sets forth with sufficiency the terms of the alleged oral contract. The complaint shows that a request was made that the automobile be repaired, and it is alleged in the complaint that the prices charged were fair and reasonable. If defendant wants to deny such an agreement, he may do so in his answer.

The fact that the statement of claim does not set forth the place where the alleged oral contract was

made does not seem important to the court. The statement shows that the contract was made on a day certain. The action should not be delayed just because the statement of claim does not show the particular place where the oral contract was made. This is a matter that will come forth in the trial of the case.

The third objection of defendant is that an itemized statement of the repairs is not attached to the statement of claim. The statement of claim alleges that it is impossible to make an itemized statement because of defendant's failure to return to plaintiff the only itemized statements available. The general rule is that an itemized statement must be attached to the claim. However, defendant has no standing before the court if what is alleged is true. At least the court will not dismiss the complaint on preliminary objections.

And now, January 18, 1950, the preliminary objections are dismissed, defendant is given 15 days within which to answer.